ZWEIGART ET AL., APPELLANTS, *v.* STRIKER ET AL.;
NYQUIST ET AL., APPELLEES.

THOMAS ET AL., APPELLANTS, *v.* DIGNAN ET AL.; BAXTER ET AL., APPELLEES.

[Cite as Zweigart *v.* Striker (1988), 36 Ohio St. 3d 615.]

(No. 87-1057—Decided May 11, 1988.)

*John H. Metz,* for appellants.
*Anthony J. Celebrezze, Jr.,* attorney general, *Beckman, Weil, Shepardson & Faller* and *Sidney Weil,* for appellees.

MOYER, C.J., SWEENEY, LOCHER, HOLMES and WRIGHT, JJ., concur.

DOUGLAS and H. BROWN, JJ., dissent.

H. BROWN, J., dissenting. The majority, in voting to improvidently allow this case, has left in place a decision that is contrary to the law as applied to the facts of the record before us.

The pertinent facts are these. Doctors, serving their residency at the University of Cincinnati Medical Center, were sent by the University to Children's Hospital Medical Center (a private institution) where they performed work assigned to them by the hospital. Plaintiffs sued these doctors, the hospital and numerous defendants, claiming injury as the result of medical treatment.

The second amended complaint contains this language: "Said defendants' conduct was willful, wanton, and reckless and directly resulted in plaintiffs' injuries set forth herein."

The trial court granted summary judgment to the doctor-residents (Baxter, Steig, Miles-Matthias and Borden) on these findings:

"The Court finds that the Defendants Baxter, Steig, Miles-Matthias and Borden were, at all times pertinent hereto, employees of the University of Cincinnati, a State university, organized under the provisions of Chapter 3361 of the Ohio Revised Code, and an instrumentality of the State of Ohio.

"Defendants Baxter, Steig, Miles-Matthias and Borden were, at the time of the acts complained of herein, working within the scope of their University employment as medical residents, on rotation at the Children's Hospital Medical Center in Cincinnati, Ohio.

"Such rotation is an integral part of their duties as State employees.

"Defendants Baxter, Steig, Miles-Matthias and Borden were immune from liability to the Plaintiffs herein, pursuant to the provisions of O.R.C. §§ 9.86 and 109.36(A).

"The 'borrowed servant doctrine' is not pertinent to the issues raised by the within Motion."

The trial court granted summary judgment to the doctor-residents, Heath and Nyquist, on similar findings.

R.C. 9.86 provides in pertinent part:

"Except for civil actions that arise out of the operation of a motor vehicle and civil actions in which the state is

the plaintiff, no officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or *unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."* (Emphasis added.)

No finding was made that the defendant-residents did not act in a reckless manner. Thus the grants of summary judgment ignore the plain language of the statute. There is no immunity to a state employee who acts in a reckless manner.

The court of appeals attempted to skirt this omission. Its opinion states:

"The affidavits in the matters here considered establish that all the resident-physicians involved in the summary judgments were employees of the University of Cincinnati, an institution of the state, that they were rendering medical services in other than a malicious, wanton or reckless manner, and that they were working within the scope of their employment at the time the alleged acts of malpractice occurred."

The problem is twofold. First, the trial court — the authority charged with making findings to support the summary judgments — never made a determination that the medical services were rendered in other than a malicious, wanton or reckless manner. Second, the affidavits of record do not support the assertion made by the court of appeals. The affidavits submitted by the defendant-residents all contain this language:

"At no time before, during or after such surgery did he make any representations to the Plaintiffs, nor did he give any warranties to them, nor did he engage in any willful or wanton misconduct towards them."

Assuming that such conclusions of law are probative on any of the fact issues which must be resolved in order to grant a summary judgment, the flaw is that *there is no denial that the defendants acted recklessly.* The words "reckless manner" in the exclusion from statutory immunity under R.C. 9.86 are used in the disjunctive. Hence the defendants failed to provide a factual basis for the summary judgments they sought and received.

DOUGLAS, J., concurs in the foregoing dissenting opinion.